

# NUMBER 13-21-00099-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF A.G., J.G., AND J.G., CHILDREN

### On appeal from the 343rd District Court
### of Bee County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Longoria**

The Texas Department of Family and Protective Services (the Department) sought termination of S.F.'s rights to A.G., J.G. (J.G.1), and J.G. (J.G.2)[1] pursuant to § 161.001(b)(1)(D), (E), (N), (O), and (P) of the family code. The case was presented to the jury and they determined that S.F.'s rights should be terminated on the grounds sought by the Department. The trial court entered an order to that effect. Appellant S.F.

---

[1] We refer to appellant and the children by their initials or aliases in accordance with the rules of appellate procedure. *See* TEX. R. APP. P. 9.8(b)(2).

now appeals the trial court's judgment involuntarily terminating her parental rights with respect to her minor children. We affirm.

## I.     BACKGROUND

While S.F. had an open Family Based Safety Services (FBSS) case,[2] on May 15, 2019, the Department received a separate report of neglectful supervision of J.G. 1. Upon investigation, it was discovered that J.G.1,[3] a young child, had ingested a clonidine pill that had been prescribed to an older sibling while he was at home. Additionally, J.G.2[4] was discovered to have a bruise on his buttocks, but S.F. contended the bruise was the result of an accidental fall. The Department elected to proceed with removal of the children because of S.F.'s consistent drug use which S.F. had conceded to the Department that she an unresolved problem with methamphetamine use. Further, the Department had concerns with S.F.'s mental health. Only one month prior, in April of 2019, S.F. had tested positive for methamphetamine.

The day it received the neglectful supervision report, the Department filed its "Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship," an amended affidavit in support of removal, and supporting documentation.

A jury trial was held in which the jury heard testimony from an FBSS worker for the

---

[2] Family-Based Safety Services are designed to maintain children safely in their homes—or make it possible for children to return home—by strengthening the ability of families to protect their children and reducing threats to safety. *See Family-Based Safety Services (FBSS)*, TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, https://www.dfps.state.tx.us/Child_Protection/Family_Support/fbss.asp (last visited Aug. 27, 2021).

[3] As of May 15, 2019, J.G.1 was approximately one year and five months old.

[4] As of May 15, 2019, J.G.2 was approximately one year and five months old.

Department that testified that she handled the FBSS case for one month and that S.F. had tested positive for methamphetetamines in April of 2019, on a urinalysis, and in May, on an oral test, S.F. was positive for methamphetetamines and marijuana. Additionally, the FBSS worker testified that S.F. conveyed to her that it was a daily struggle to fight the cravings of methamphetetamines. Another caseworker for the Department testified that when she handled the removal case[5] from May of 2019 to May of 2020, S.F. relapsed, and testified that S.F. "[a]lways told me that she was a functioning meth addict and she can do it."

The subsequent caseworker that handled the case from May of 2020 to March of 2021, the time of trial, testified in pertinent part as follows: (1) S.F. performed ten drug tests, five urinalysis and five hair follicles, and they were positive, and she also failed to drug test nineteen times; (2) S.F. relapsed after coming out of inpatient treatment in September of 2020; (3) after S.F. reached out for help to get back into inpatient treatment an appointment was setup for December 12th in San Antonio, Texas but S.F. did not complete the process to be admitted; (4) S.F. was drug tested in January of 2021 and her urinalysis was positive for methamphetamine and marijuana, and her hair follicle was positive for methamphetamine, amphetamine, and marijuana; (5) S.F did a detox in February of 2021 and reported to the caseworker that they released her after three days, but S.F. did not sign a release of information so the caseworker was unable to get any of the records; (6) in March of 2021, S.F. tested positive for marijuana on a urine test; (7) S.F. was court-ordered to have an in-person visit in October, but she failed to attend, and

---

[5] On May 30, 2019, the trial court granted the Department temporary managing conservatorship arising from the May 15, 2019, incident.

there was an approximate two-month interval, from October of 2020 to December 8, 2020, that while S.F. was offered weekly virtual visits there was no contact from S.F.; (8) S.F. did not finish her parenting classes or her outpatient substance abuse counseling; (9) S.F. had not been employed during the time she had handled the case, and S.F. also recently lost her housing; and (10) despite counseling and/or programs, S.F. at the time of trial was still unable to demonstrate sobriety.

S.F. during her testimony conceded that (1) she has not demonstrated that she can be safe and drug free but rather that she is still working on herself; (2) she has used drugs on and off since the age of 16; (3) methamphetamine was a factor in three or four of her prior cases involving the Department; and (4) she has had six removals. Lastly, the Department elicted the following pertinent testimony from S.F.:

Q:    Let me ask you this:

It's your testimony to the jury that you're meth use has never put your children at risk, never endangered any of your children?

A:    No, I'm not saying that. It endangers me, so that does endanger my children because without me they would have nobody.

Q:    But you think it only endangers you?

A:    No. It endangers my children as well.

Q:    Thank you.

S.F.'s court-appointed counsel has filed an *Anders* brief accompanied by a motion to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967).

## II.    *ANDERS* BRIEF

S.F.'s court-appointed appellate counsel has filed a brief stating that she has

4

diligently reviewed the entire record and has concluded that the appeal "presents no legally non-frivolous questions." *See id*.; *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief."). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.").

Counsel has informed this Court in writing that she has: (1) notified S.F. that she has filed an amended *Anders* brief and a motion to withdraw; (2) provided S.F. with copies of both pleadings; (3) informed S.F. of her rights to file a pro se response,[6] to review the record preparatory to filing that response, and to seek review if we conclude that the appeal is frivolous; and (4) supplied S.F. with a form motion for pro se access to the appellate record. *See Anders*, 386 U.S. at 744; *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Adequate time has passed, and S.F. has not filed a motion for pro se access to the record or a pro se response.

---

[6] In the criminal context, the Texas Court of Criminal Appeals has held that "the *pro se* response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

### III.     INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see also In re G.M.*, No. 13-08-00569-CV, 2009 WL 2547493, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 20, 2009, no pet.) (mem. op.). We have reviewed the entire record and counsel's brief and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). We have specifically reviewed the trial court's findings under § 161.001(b)(1)(D) and (E) of the family code, and we have found no non-frivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (holding that "due process and due course of law requirements mandate that an appellate court detail its analysis for an appeal of termination of parental rights under [§] 161.001(b)(1)(D) or (E) of the Family Code").

### IV.     MOTION TO WITHDRAW

S.F.'s counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant."). However, when an *Anders* brief is filed in a parental termination appeal, the appellant's right to appointed counsel extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition

6

for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (citing TEX. FAM. CODE ANN. § 107.013(a)(1)). Thus, in the absence of additional grounds for withdrawal, a motion to withdraw brought in the court of appeals is premature. *Id.* Counsel is permitted to withdraw only for good cause, and counsel's belief that the client has no grounds to seek further review from the court of appeals' decision does not constitute good cause. *Id.* Here, counsel's motion does not show "good cause" for withdrawal; accordingly, counsel's motion to withdraw is denied. *See id.*[7]

## V. CONCLUSION

We affirm the trial court's judgment.[8]

NORA L. LONGORIA
Justice

Delivered and filed on the
31st day of August, 2021.

---

[7] The Texas Supreme Court has noted that, in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016).

[8] Any pending motions are dismissed as moot.